COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:    Richard Stephen Calkins v. Maurice Bresenhan, Jr., Administrator of
the Estate of Mary Olive Hull Calkins, deceased

Appellate case number:  01-19-00703-CV

Trial court case number: 441165

Trial court:            Probate Court No 2 of Harris County

On Friday, February 28, 2020, appellant filed an emergency motion to stay all trial court proceedings—in particular, a show cause hearing for sanctions against appellant scheduled for Monday, March 3, 2020—pending his interlocutory appeal from the trial court's purported denial of his motion to dismiss filed pursuant to Section 27.003 of the Texas Civil Practice & Remedies Code. Appellant does assert that he requested a stay from the trial court before requesting relief from our court. For the reasons discussed below, the motion for an emergency stay is denied and appellant is notified that the appeal may be dismissed for lack of jurisdiction.

**Appellant's Emergency Stay Motion**

Section 51.0114(a)(12) authorizes an "appeal from an interlocutory order" that "denies a motion to dismiss filed under Section 27.003." TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12) An interlocutory appeal from an order denying a Chapter 27 motion to dismiss stays commencement of trial and "also stays all other proceedings in the trial court pending resolution of that appeal." TEX. CIV. PRAC. & REM. CODE § 51.014(b)

In his emergency stay motion, appellant asserts that the trial court orally denied his Chapter 27 motion to dismiss on September 26, 2019. Appellant initially filed a premature notice of appeal on September 19, 2019 followed by a subsequent notice of appeal on December 2, 2019 and an amended notice of appeal on February 28, 2020. But, contrary to appellant's assertions, the record does not include an order from the trial court—either written or oral—denying appellant's Chapter 27 motion to dismiss. Instead, the record demonstrates that the trial court stated at the hearing on September 19, 2019 that it lacked authority to rule on appellant's motion to dismiss because the motion was filed without the required notice. Appellant requested an order denying the motion— asserting that he would seek mandamus relief from the denial— but the trial court stated that it would not rule on the motion because it could not be considered without proper notice. Instead of seeking mandamus relief compelling a ruling or refiling the motion to dismiss with proper notice, appellant filed this interlocutory appeal asserting that the trial court denied his motion.

In sum, the record does not demonstrate that appellant is appealing an order denying a Chapter 27 motion to dismiss. Instead, appellant is attempting to appeal from a refusal to rule on his motion, which is neither an authorized appeal nor covered by the stay. Accordingly, the motion for an emergency stay relief is **denied**.

### Notice of Intent to Dismiss for Want of Jurisdiction

Furthermore, because the trial court has not issued an order denying appellant's Chapter 27 motion to dismiss, our court appears to lack jurisdiction over the appeal. This Court has jurisdiction only over appeals from final judgments and those interlocutory orders specifically authorized by statute. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001); *see also* TEX. CIV. PRAC. & REM. CODE § 51.014. Although Section 51.014(a)(12) authorizes an appeal from an interlocutory order denying a Chapter 27 motion to dismiss, there is no authority authorizing an appeal where, as in this case, the trial court refuses to rule on a Chapter 27 motion to dismiss. TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12). Accordingly, appellant is notified that the court may dismiss this appeal for want of jurisdiction unless appellant files, **within 10 days of this order**, a written response providing a detailed explanation, citing relevant portions of the record, statutes, rules, and case law demonstrating that this Court has jurisdiction over the appeal. *See* TEX. R. APP. P. 42.3(a). If a meritorious response is not received in the form described above by the deadline, the Court may dismiss the appeal for want of jurisdiction without further notice.

It is so ORDERED.


Judge's signature: _____/s/ Sarah B. Landau_____
                            Acting individually



Date: ___February 28, 2020_____